IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES INC., | § § § Case No. 6:21-cv-00021-ADA |
| Plaintiff, | § § |
| v. | § § **JURY TRIAL DEMANDED** |
| LENOVO GROUP LIMITED, | § § |
| Defendant. | § § § |

**PLAINTIFF'S MOTION FOR LEAVE TO
EFFECT ALTERNATIVE SERVICE ON DEFENDANT**

Plaintiff Cedar Lane Technologies Inc. ("Plaintiff") files this Motion and respectfully seeks leave to serve the summons and complaint on Defendant Lenovo Group Limited ("Defendant" or "Lenovo") through its U.S. Counsel and/or on its U.S. subsidiary as follows:

**I.    BACKGROUND**

PARTIES

Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada with its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9. DE 1 at ¶ 1.

Defendant Lenovo Group Limited is a corporation organized and existing under the laws of China that maintains an established place of business at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong Island, Hong Kong S.A.R.. *Id.* at ¶ 2. On information and belief, Defendant acts in concert to make, use, test, sell, offer for sale, market, and/or import the accused products into the United States, the State of Texas, and this judicial district. *Id.* at ¶¶ 23, 29, 35, 45, 48, 55 and 65.

On January 11, 2021, Plaintiff filed a complaint in this Court alleging claims for patent infringement against Defendant. *Id*. Plaintiff respectfully requests leave to effect service upon Defendant through the alternative means of emailing previous U.S. counsel for Defendant: Messrs. John M. Desmarais, jdesmarais@desmaraisllp.com; Christian Dorman, cdorman@desmaraisllp.com; Jamie L. Kringstein, jkringstein@desmaraisllp.com; Jeffrey S. Seddon, jseddon@desmaraisllp.com, and Mss. Leslie M. Spencer, lspencer@desmaraisllp.com; Kelly Ransom, kelly.ransom@kellyhart.com.

Messrs. Desmarais, Dorman, Kringstein and Seddon and Mss. Spencer and Ransom represented Defendant in the United States as recently as February 16, 2021 and are members of the Desmarais and Kelly Hat Hallman law firms. *See* Group Exhibit A, Motions to Appear Pro Hac Vice and Appearances on behalf of Lenovo for Messrs. Desmarais, Dorman, Kringstein and Seddon and Mss. Spencer and Ransom.

Plaintiff also respectfully requests, as an additional method, or in the alternative, for leave to effect service upon Defendant through Defendant's U.S. address at Lenovo United States Inc., 1009 Think Place Morrisville, NC 27560.

## II.    EVIDENCE

Plaintiff attaches as Group Exhibit A Motions to Appear Pro Hac Vice and Appearances on behalf of Lenovo filed in *ACQIS LLC v. Lenovo Group Ltd.,* Case No. 6:20-cv-00967-ADA (W.D. Tex.).

Plaintiff attaches as Exhibit B the Dun & Bradstreet search results for the U.S. address of Lenovo - Lenovo United States Inc., 1009 Think Place Morrisville, NC 27560. *See* Ex. B (https://www.bloomberg.com/profile/company/0008195D:US).

### III.    LEGAL STANDARD

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations, partnerships, or associations. Fed. R. Civ. P. 4(h). Pursuant to Rule 4(h)(2), serving a domestic or foreign corporation, or a partnership or other unincorporated incorporation "at a place not within any judicial district of the United States" must be done "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f)(3) provides that the Court may authorize service on a foreign individual "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). "Thus, so long as the method of service is not prohibited by international agreement the Court has considerable discretion to authorize an alternative means of service." Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 1, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd*., No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), DE 13 (citing *Rio Properties Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). A plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) before requesting authorization of an alternative method of service under Rule 4(f)(3). *Id*. at 2 (citing *Rio Properties, Inc*., 284 F.3d at 1015 ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.")). In the end, the Court may authorize any alternative method of service that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Additionally, district courts have routinely

allowed alternative service upon foreign corporations to be accomplished by serving a United States subsidiary or affiliate of a foreign entity.[1]

## IV.   ARGUMENT AND AUTHORITIES

### A.   Plaintiff's proposed alternative service under Rule 4(f)(3).

Plaintiff seeks to serve Defendant using the following method: via email on Messrs. John M. Desmarais, jdesmarais@desmaraisllp.com; Christian Dorman, cdorman@desmaraisllp.com; Jamie L. Kringstein, jkringstein@desmaraisllp.com; Jeffrey S. Seddon, jseddon@desmaraisllp.com, and Mss. Leslie M. Spencer, lspencer@desmaraisllp.com; Kelly Ransom, kelly.ransom@kellyhart.com. These individuals represented Defendant in the United States as recently as February 16, 2021 and are members of the Desmarais and Kelly Hat Hallman law firms.

Plaintiff, either in the alternative or as an additional means of service, seeks to serve Defendant at its U.S. address by a known mail delivery provider with signature and return of receipt, such as Federal Express.

In the present case, either of Plaintiff's requested methods of service, on their own, is sufficient to satisfy due process. Together, the methods will be more than sufficient to (more than) reasonably inform Lenovo of this action and to provide an opportunity to defend against it.

### B.   Alternative service of process is justified for Defendant.

Defendant is an entity organized and existing under foreign laws: DE 1 at ¶ 2. The Hague Convention—nor any other international agreement—does not prohibit service on a foreign

---

[1] *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (collecting cases allowing service of foreign entities through domestic subsidiaries and counsel); *Lisson v. Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (service of Chinese corporate executive allowed via corporation's registered agent in US); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (authorizing service on CEO living in China via service to his company's registered domestic agent and counsel); *In re LDK Solar Secs. Litig.*, No. C07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (service on six Chinese defendants through California subsidiary granted).

corporation through its U.S. counsel, in-house counsel, or a wholly-owned U.S. subsidiary. *See* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 2-3, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), DE 13.

Furthermore, serving Defendant through alternative means is justified because the proposed method "will provide reasonable notice and an opportunity to be heard." *Id.* at 3 (citing *Affinity Labs of Texas, LLC v. Nissan N. Am., Inc.*, No. WA:13-CV- 369, 2014 WL 1132502, at *3 (W.D. Tex. July 2, 2014) ("Due process requires that notice be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Mullane*, 339 U.S. at 314)). Several courts, including this Court, have permitted effecting service of process upon companies via email. In *Terrestrial Comms LLC v. NEC Corporation*, this Court reasoned that email service upon counsel for NEC Corporation was authorized because "[d]istrict courts routinely direct service on an international defendant's counsel under Rule 4(f)(3) even if the counsel has not been expressly authorized to accept service on the defendant's behalf." *See Terrestrial Comms LLC v. NEC Corporation*, 6:20-cv-00096-ADA (W.D. Tex. June 24, 2020), DE 15 at p. 6. The Court further explained the key analysis to consider was whether the defendant is reasonably certain to be informed of the pending lawsuits so that it can present its objections and found that effecting service of process on defendant's known U.S. counsel would allow defendant to be reasonably certain to be apprised of the pending actions. *Id.* at 7-8; *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (allowing email service on local counsel of foreign company); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 536-38 (N.D. Cal. 2010) (allowing service on U.S. Counsel of foreign company);

5

*Alu, Inc. v. Kupo Co.,* No. 6:06-cv-327-ORL28DAB, 2007 WL 177836, at *3-4 (M.D. Fla. Jan. 19, 2007) (allowing email service on a foreign corporation). Email is not only a permissible means of alternative service but has been considered one of the best forms of alternative service because it is "aimed directly and instantly" at the foreign defendant. *Rio Properties, Inc.*, 284 F.3d at 1018.

In the present case, Messrs. McCrum and Normile and Mss. Geers and Gerber have represented Defendant with respect to cases filed against Defendant in the United States. Emailing Messrs. McCrum and Normile and Mss. Geers and Gerber will thus apprise Defendant of this action—satisfying Rule 4(f)(3). Accordingly, alternative service of process on Defendant is justified.

Further, Lenovo operates in the United States through a North Carolina-based location. *See* Exhibit B (Dun & Bradstreet search results for the U.S. address of Lenovo - Lenovo United States Inc., 1009 Think Place Morrisville, NC 2756, https://www.bloomberg.com/profile/company/0008195D:US).

Because court-ordered service on the foreign defendant may be, and is regularly, made on Defendant's domestic subsidiaries, Plaintiff should also be allowed to serve Lenovo by effectuating service on Lenovo location in North Carolina as it will meet the constitutional threshold of due process and satisfy rule 4(f)(3). *See Affinity Labs*, 2014 WL 11342502, at *4; *see also* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 2-3, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), ECF No. 13.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to grant this motion and enter an order authorizing alternative service of process on Defendant Lenovo through (1) e-mail

upon U.S. counsel for Defendant and/or (2) through service on Defendant's U.S. location pursuant to Rule 4(f)(3).

Dated: March 4, 2021

Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
**Rabicoff Law LLC**
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Cedar Lane Technologies Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on March 4, 2021, via the Court's CM/ECF system.

/s/ *Isaac Rabicoff*
Isaac Rabicoff
